**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| BUCKLEYCOLE RANDALL ACKERMAN,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | CV 26-129-M-KSL<br><br>ORDER |

Plaintiff Buckleycole Randall Ackerman lodged a 42 U.S.C. §1983 Complaint related to his current incarceration in Montana State Prison. (Doc. 2.) He also filed a motion to proceed in forma pauperis. (Doc. 1, 4.) Ackerman's Complaint fails to state a claim for relief under §1983, and his allegations appear more appropriate for a petition for a writ of habeas corpus. Ackerman will be directed to file an appropriate amended pleading.

Ackerman's Complaint relates to his probation officer, whose alleged misconduct wrongfully resulted in his present incarceration at Montana State Prison. (Doc.

2 at 1-3.). Ackerman's requests for relief include damages, various forms of injunctive relief, and release from Montana State Prison. (Doc. 2 at 4-6.)

"[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). A prisoner in state custody cannot use a §1983 action to challenge "the fact or duration of his confinement" and must instead seek federal habeas corpus relief or appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Despite his request for damages, Ackerman essentially seeks to change his incarceration status beyond the purview of a §1983 action.

On the other hand, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Ackerman's claim for damages is not cognizable under §1983 because his sentence has not been invalidated. *Id.* at 487. Ackerman's allegations therefore fail to state a claim for relief under §1983.

In light of the foregoing, Ackerman must determine which proceeding is appropriate for him and file a proper amended pleading. The Court also observes that Ackerman has not filed the inmate account statement required for evaluating his in forma pauperis motion. A prisoner's motion to proceed in forma pauperis must include an account statement from his current place of incarceration that covers the six months immediately preceding his motion. 28 U.S.C. §1915(a)(2).

Accordingly,

**IT IS HEREBY ORDERED**:

1. Ackerman's motion to proceed in forma pauperis is **DENIED**, subject to renewal. (Doc. 1, 4.) Ackerman may refile his motion with the account statement to accompany his amended pleading. The Clerk of Court is directed to provide Acker-man with the Court's form for a motion to proceed in forma pauperis.

2. By **October 8, 2026**, Ackerman may file an amended pleading. The Clerk of Court is directed to provide Ackerman with a copy of the Court's habeas form and §1983 form. Ackerman must determine which form is appropriate for his claims and file the proper pleading.

3. Failure to file an amended pleading or a motion to proceed in forma pauperis with his account statement will result in dismissal of this matter.

4. At all times, Ackerman must update the Court with any change of address. Failure to do so may result in dismissal of this action without notice to him. Fed. R. Civ. P. 41.

DATED this 21st day of September, 2026.

Kathleen Lane

KATHLEEN S. LANE
UNITED STATES DISTRICT JUDGE